**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: April 3, 2020
Date Decided: April 9, 2020

Brian M. Gottesman, Esq.
David B. Anthony, Esq.
BERGER HARRIS LLP
1105 N. Market St., 11th Floor
Wilmington, Delaware 19801

Adam V. Orlacchio, Esq.
BLANK ROME LLP
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801

Mackenzie M. Wrobel, Esq.
DUANE MORRIS LLP
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801

Elena C. Norman, Esq.
Michael A. Laukaitis II, Esq.
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801

Steven T. Margolin, Esq.
Samuel L. Moultrie, Esq.
GREENBERG TRAURIG, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801

Stamatios Stamoulis, Esq.
STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, Delaware 19801

Re: *HM Life Insurance Company, et al. v. Wilmington Savings Fund
Society, FSB, et al.*, C.A. No. 2018-0649-SG

Dear Counsel:

The Plaintiffs, HM Life Insurance Company and HM Life Insurance Company of New York, have filed this Action in connection with a series of insurance transactions, alleging twenty-four counts against twenty-one Defendants.[1] The Plaintiffs allege a "coordinated and elaborate scheme to defraud them through a complex series of reinsurance transactions, trust agreements, and investment vehicles."[2] The Plaintiffs further allege that a Delaware statutory trust, and its series, were "created and used for the sole purpose to conceal from Plaintiffs unauthorized investments in volatile hedge funds and the significant resulting losses."[3]

Defendant Blue Elite Fund, Limited ("Blue Elite") is an exempt company organized and existing under the laws of the Cayman Islands with its principal place of business in the Cayman Islands.[4] The Plaintiffs have brought claims against Blue Elite for aiding and abetting fraud and tortious interference with contractual relations.

Defendant Blue II, Limited ("Blue II") is an exempt company organized and existing under the laws of the Cayman Islands with its principal place of business in

---

[1] Defendant John Drake was dismissed with prejudice pursuant to Chancery Court Rule 41(a)(1)(ii). Joint Stipulation of Dismissal with Prejudice as to John Drake, D.I. 110.

[2] Verified Third Amended Compl. for Breach of Trust Agreements, Breach of Fiduciary Duties, Negligence, and Related Torts, D.I. 80, ¶ 1.

[3] *Id.*

[4] *Id.* ¶ 22.

the Cayman Islands.[5]  The Plaintiffs have brought claims against Blue II for aiding and abetting fraud and tortious interference with contractual relations.

Defendant Donald Solow is an individual and resident of the State of New Jersey and was, at all times relevant to this matter, the owner, manager, and/or person in charge of Defendant Regatta Holdings LLC, and a director and/or owner of Defendants Alpha Re Limited and Alpha Re Holdings (Cayman) Limited.[6]  The Plaintiffs have brought claims against Solow for aiding and abetting breach of fiduciary duty, fraud, aiding and abetting fraud, unjust enrichment, and tortious interference with contractual relations.

Defendant Edward Brendan Lynch is an individual and a resident of Nassau, New Providence, Bahamas and is a director and/or owner of Defendants Alpha Re Limited, Alpha Re Holdings (Cayman) Limited, Blue Elite, Blue II, and Atlantic Specialty Finance Limited.[7]  The Plaintiffs have brought claims against Lynch for aiding and abetting breach of fiduciary duty, fraud, aiding and abetting fraud, unjust enrichment, and tortious interference with contractual relations.

Defendant Gregory Tolaram is an individual and a resident of Bermuda and is a director and/or owner of Defendants Alpha Re Limited, Alpha Re Holdings

---

[5] *Id.* ¶ 23.
[6] *Id.* ¶ 27.
[7] *Id.* ¶ 29.

(Cayman) Limited, Blue Elite, Blue II, and Atlantic Specialty Finance Limited.[8] The Plaintiffs have brought claims against Tolaram for aiding and abetting breach of fiduciary duty, fraud, aiding and abetting fraud, unjust enrichment, and tortious interference with contractual relations.

Defendants Blue Elite, Blue II, Solow, Lynch, and Tolaram (together, the "12(b)(2) Defendants") have moved to dismiss this action for lack of personal jurisdiction pursuant to Chancery Court Rule 12(b)(2).[9]

In *Hart Holding Co. Inc. v. Drexel Burnham Lambert Inc.*,[10] this Court held that a plaintiff "may not ordinarily be precluded from reasonable discovery in aid of mounting [proof that a defendant is subject to the jurisdiction of the court]," and consequently, discovery to establish personal jurisdiction is unwarranted "[o]nly where the facts alleged in the complaint make any claim of personal jurisdiction over defendant frivolous."[11] Here, the Plaintiffs have alleged sufficient facts to make a non-frivolous claim to this Court's personal jurisdiction over the 12(b)(2) Defendants. Therefore, the Plaintiffs are permitted to undertake jurisdictional discovery regarding the 12(b)(2) Defendants. I will hold the 12(b)(2) Defendants'

---

[8] *Id.* ¶ 30.
[9] Ch. Ct. R. 12(b)(2).
[10] 593 A.2d 535 (Del. Ch. 1991).
[11] *Id.* at 539.

respective Motions to Dismiss—and all other pending Motions to Dismiss in this matter—in abeyance for the duration of such discovery.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III